UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                  File No. 1:01-CR-26

v.

                                                  HON. ROBERT HOLMES BELL

MARK SMITH,

        Defendant.
                                      /

## MEMORANDUM OPINION AND ORDER

On September 4, 2001, Defendant Mark Smith entered a plea of guilty in this Court to one count of conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A), one count of possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a) & (b)(1)(A), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On January 24, 2002, Defendant was sentenced to three concurrent terms of 120 months in prison and a $2,000.00 fine. Defendant did not appeal his sentence.

The matter now is before the Court on Defendant's motion for re-sentencing. Defendant cites no jurisdictional basis for his current motion. He appears, however, to raise two types of challenges: (1) he challenges the execution of his sentence on the grounds that the Bureau of Prisons failed to extend credit toward his sentence for completion of a drug program, as authorized under 18 U.S.C. § 3621(e)(2)(B); and (2) he challenges the

imposition of his sentence as violative of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005).

Under federal law, a federal prisoner may challenge the execution of his sentence by way of a motion for habeas corpus relief under 28 U.S.C. § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). The general rule is that the Bureau has the authority to determine if a defendant is eligible for a credit against his sentence term. *See United States v. Wilson*, 503 U.S. 329 (1992) (addressing credits for time served); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (same). Under § 2241, however a court can grant relief when sentencing credits are miscalculated. *See Woody v. Marberry*, No. 05-1403, 2006 WL 1083941, at *3 (6th Cir. Apr. 25, 2006) (citing *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)). This Court, therefore, would have the authority to decide the first portion of Defendant's motion if filed as a motion for habeas corpus relief under 28 U.S.C. § 2241.[1] *See, e.g., Lopez v. Davis*, 531 U.S. 23 (2001) (considering the Bureau's construction of § 3621(e)(2)(B) in a motion under 28 U.S.C. § 2241); *Swant v. Hemingway*, 23 F. App'x 383 (6th Cir. 2001) (same); *Tillmon v. Hemingway*, 20 F. App'x 482 (6th Cir. 2001) (same).

---

[1] The Court notes, however, that, to the extent he claims he was denied credit for completion of a drug treatment program on the basis of having possessed a firearm during his offense of conviction, Defendant's claim appears foreclosed by the Supreme Court's decision in *Lopez v. Davis*, 531 U.S. 230 (2001) (holding that the Bureau of Prisons' regulation categorically denying early release under 18 U.S.C. § 3621(e)(2)(B) to prisoners whose current offense was a felony attended by the carrying, possession, or use of a firearm was a permissible exercise of the Bureau's discretion under the statute).

However, the remainder of Defendant's motion complains that the Court improperly found during sentencing that he was a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), in violation of *Apprendi* and *Booker*.[2] While Defendant expressly asserts that he does not wish to disturb his sentence, the substance of the claim challenges the imposition of sentence. Such a challenge may only be brought as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *See, e.g., Barnes v. Booker*, 116 F. App'x 560, 561 (6th Cir. 2004) (citing *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999)).

The Court may not characterize Defendant's pleading as a § 2255 motion without first warning him that any subsequent § 2255 motion will be subject to the restrictions on "second or successive motions." *See Castro v. United States*, 124 S. Ct. 786, 791 (2003); In re *Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). Those restrictions would prevent this Court from entertaining any second or successive § 2255 motion, unless it is first certified by the Court of Appeals for the Sixth Circuit to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255.

---

[2]Defendant's claim is confusing, inasmuch as he was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), on the basis of his own guilty plea to the offense.

In light of the composite nature of the claims raised by Defendant, both claims may not be addressed in the same motion.  Because it is not clear at this juncture how Defendant wishes to proceed, the Court will dismiss without prejudice Defendant's motion.  Defendant remains free to raise each of his claims by way of the appropriate procedural mechanism.  Accordingly,

**IT IS ORDERED** that Defendant Mark Smith's motion for resentencing (Docket # 145) pursuant to 28 U.S.C. § 2255 is **DENIED** without prejudice.


Date:      August 29, 2006              /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE